# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KEVIN B. DUFF, RECEIVER FOR THE ESTATE OF )
EQUITYBUILD INC., EQUITYBUILD FINANCE LLC )
(f/k/a HARD MONEY COMPANY LLC), et, al., )
                                      )
           Plaintiff, )
                                      )
     v. )         Case No. 21-cv-06756
                                      )
MARK L. ROSENBERG and )
LAW OFFICES OF MARK L. ROSENBERG, )
                                      )
          Defendants. )

## INTIAL STATUS REPORT

Pursuant to this Honorable Court's standing orders, the parties, through their counsel,

hereby submit their Initial Status Report.

**A.**    **Nature of the Case**

       **1.**      **Counsel of Record and Lead Trial Counsel**

On behalf of Plaintiff, Kevin B. Duff, as Receiver:

Michael C. Bruck (lead trial counsel)
Timothy J. McInerney
*Spellmire Bruck, LLP*
One E. Wacker Dr., Suite 2350
Chicago, IL 60601

Andrew Eliot Porter
*Porter Law Office*
853 N. Elston Ave.
Chicago, IL 60642

Michael Rachlis
*Rachlis Duff & Peel, LLC*
542 S. Dearborn St., Suite 900
Chicago, IL 60605

Steven J. Roeder
Ryan Weitendorf
*Roeder Law Offices, LLC*
77 W. Washington St., Suite 2100
Chicago, IL 60602

On behalf of Defendants, Mark Rosenberg and Law Offices of Mark L. Rosenberg:

Ryan T. Brown (lead trial counsel)
Paul Gamboa (ARDC No. 6282923)
Basile (Bill) Souferis (ARDC No. 6310216)
*Gordon Rees Scully Mansukhani, LLP*
One N. Franklin, Suite 800
Chicago, IL 60607

## 2.      Basis for Federal Jurisdiction

Federal jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different States (Defendants Mark Rosenberg and The Law Office of Mark L. Rosenberg (the trade name for Mark. L. Rosenberg, P.C.)). Mark. L. Rosenberg and Mark. L. Rosenberg, P.C. are citizens of the State of Maryland, while Plaintiff/Receiver Kevin B. Duff is a citizen of the State of Illinois. Additionally, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

## 3.      Nature of Claim and Relief Sought

The Receiver alleges that the Defendants engaged in professional negligence and in aiding and abetting breaches of fiduciary duty by Jerome and Shaun Cohen. Generally speaking, the Plaintiff's claims arise out of a Ponzi scheme executed primarily by Jerome and Shaun Cohen through their various EquityBuild affiliates. *See U.S. Securities and Exchange Commission v. EquityBuild, Inc., EquityBuild Finance, LLC, Jerome H. Cohen, and Shaun D. Cohen*, Case No. 1:18-cv-5587, Northern District of Illinois, Eastern Division (Hon. John Z. Lee, presiding). The Ponzi scheme affected upwards of 900 investors and raised more than $140 million over the course of approximately eight years. The Plaintiff seeks compensatory damages, attorneys' fees, and pre-

and post-judgment interest.

**4.      Answer or Other Responsive Pleading**

The Defendants have filed their Answer and Affirmative Defenses. The Defendants also intend to seek leave to file an early motion for summary judgment limited to one specific issue (whether the Complaint was timely filed prior to the expiration of the statute of limitations), with the hopes that it may be ruled upon before the parties engage in significant and costly discovery.

The Plaintiff rejects the notion that the statute of limitations bars his claims and contends that, at best, the issue will present a fact question for the jury.  The Plaintiff therefore opposes any attempt to delay the commencement of discovery pending the filing or ruling on the anticipated motion for summary judgment.

**5.      Principal Legal and Factual Issues**

The principal factual issues are expected to include the extent to which Defendant Mark Rosenberg knew or should have known of the Cohens' illicit activities and the extent to which any of Rosenberg's acts or omissions breached duties and/or furthered the Ponzi scheme through his activities in regard to, *inter alia,* the development of private placement memoranda.

Plaintiff contends that if the Defendants move for summary judgment based on the statute of limitations, the date when Plaintiff knew or reasonably should have known of the Plaintiff's injury and that it was wrongfully caused would also need to be established.

Principal legal issues are expected to include the nature and extent of the duty applicable to an attorney in connection with the preparation of private placement memoranda.

**6.      Status of Service of Defendants**

The Defendants have been served and have appeared in this matter.

**B.      <u>Proceedings to Date</u>**

1.	**Substantive Rulings**

To date, there have been no substantive rulings in the case.

2.	**Pending Motions**

There are currently no pending motions, although the Defendants intend to seek leave to file an early motion for summary judgment prior to the commencement of discovery. The Defendants will further seek leave to file this motion without prejudice in the event it is denied in order to preserve their right to file another such motion following the close of discovery.

The Plaintiff, given the factual issues entailed in resolving the statute of limitations defense, objects to any delay to the commencement of the discovery phase pending resolution of the anticipated motion.

C.	**Discovery and Case Plan**

1.	**Summary of Completed Discovery.**

No formal discovery in this case has occurred, although a related legal malpractice case is now pending in the Circuit Court of Cook County under Case No. 2020 L 8843 before Judge Daniel J. Kubasiak in which the Plaintiff has sued, amongst others, Mr. Rosenberg's former law firm, Bregman, Berbert, Schwartz & Gilday in connection with the acts and omissions of Mark Rosenberg prior to his departure from that firm. Written discovery in that case is nearly complete.

2.	**Whether Discovery Will Encompass ESI and The Parties' ESI Discovery Plan**

The parties anticipate that discovery will encompass electronically stored information. The parties have made mutual requests to preserve all such information and documentation. The parties agree to produce documents and electronically stored information in their native form. The parties will work together to try to effectuate the transmission of materials and documents stored electronically, preferably through the delivery of secured links to downloadable materials or, only

if necessary, the production of flash memory drives. To the extent possible, the parties agree to compile and transmit ESI in a manner that is organized and logically catalogued.

### 3. Proposed Scheduling Order

The Parties have not agreed on a proposed scheduling order.

The Plaintiff submits that discovery should proceed and that a scheduling order should be entered now.

The Defendants propose that a scheduling order be set following the Court's ruling on the motion for summary judgment discussed in Section B.2., above, as it is their position that a favorable ruling will obviate the need for discovery. The Plaintiff opposes consideration of a yet-to-be filed motion for summary judgment prior to the initiation and completion of discovery, stating, among other reasons, any statute of limitations issue, assuming one exists, is fact dependent and requires full fact discovery to entertain such a motion.

Irrespective of the way the Court chooses to proceed, however, the Parties' best estimate of discovery deadlines are as follows:

a. *Rule 26(a)(1) Disclosures* – 30 days
b. *Issuance of written discovery* – 14 days after Rule 26(a)(1) Disclosures
c. *Deadline for completing fact discovery* – 12 months following the propounding of written discovery
d. Parties agree discovery should proceed in phases
e. *Expert Discovery* –
- Plaintiff's Rule 26(a)(2) Disclosures served 45 days after the completion of fact discovery;
- Depositions of Plaintiff's Rule 26(a)(2) Expert Witnesses completed within 60 days thereafter;
- Defendants' Rule 26(a)(2) Disclosures served 45 days after completion Plaintiff's Rule 216(a)(2) Expert depositions;
- Depositions of Defendants' Rule 26(a)(2) Expert Witnesses completed within 60 days thereafter.
f. *Deadline for amending pleadings or bringing in other parties* – 60 days after the Parties' exchange of Rule 26(a)(1) Disclosures;
g. *Deadline for Dispositive Motion* – 60 days after the close of expert discovery.

**4.      Jury Demand**

The Defendants have demanded a trial by jury.

**5.      Estimated Length of Trial**

The Plaintiff estimates a trial will last two weeks. The Defendants anticipate the trial will last three to four weeks.

**D.      <u>Settlement</u>**

**1.      Status of Settlement Discussions**

There have been limited settlement discussions to date.

**2.      Request for Settlement Conference**

The Parties request that the Court set an early settlement conference.

**E.      <u>Magistrate Judge</u>**

**1.      Consent to Proceed with Magistrate Judge**

The Defendants do not consent to proceed with a Magistrate Judge.

**2.      Matters referred to Magistrate Judge**

None.


Dated: January 21, 2022

Respectfully submitted,     Respectfully submitted,

By: /s/ Michael C. Bruck    By: /s/ Paul Gamboa
*Attorney for Plaintiff Kevin B. Duff,*  *Attorney for Defendants Mark L. Rosenberg*
*Receiver*         *and the Law Offices of Mark L. Rosenberg*

Michael C. Bruck      Ryan T. Brown
Timothy J. McInerney     Paul Gamboa
Spellmire Bruck LLP      Gordon & Rees, LLP
One East Wacker Drive, Suite 2350  One North Franklin, Suite 800
Chicago, IL 60601      Chicago, Illinois 60606
(312) 258-9400       Tel: (312) 565-1400
mcb@spellmirebruck.com    Fax (312) 565-5611
tjm@spellmirebruck.com     E-Mail: rtbrown@grsm.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 21, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record:

***<u>Attorneys for Plaintiff</u>***

Michael C. Bruck<br>
Timothy J. McInerney<br>
Spellmire Bruck LLP<br>
One East Wacker Drive, Suite 2350<br>
Chicago, IL 60601<br>
(312) 258-9400<br>
mcb@spellmirebruck.com<br>
tjm@spellmirebruck.com

Dated: January 21, 2022                    Respectfully submitted,

By: /s/ Paul Gamboa
*Attorney for Defendants Mark L. Rosenberg
and the Law Offices of Mark K. Rosenberg*

Ryan T. Brown
Paul Gamboa
Gordon & Rees
One North Franklin, Suite 800
Chicago, Illinois 60606
Tel: (312) 565-1400
Fax (312) 565-5611
E-Mail: rtbrown@grsm.com